## No. 11,406.

### DINKELSPIEL'S SONS VS. THE NEW ALBANY WOOLEN MILLS.

An affidavit by the attorney for plaintiff, that from information received from the parties affiant believes the allegations in the petition to be true and correct, the petition stating the debt and all other requisites, is equivalent to swearing to the knowledge and belief of the affiant. The law does not exact that the word "knowledge" shall be used, but is satisfied if an equivalent is employed, and information received, believed to be true, is knowledge. Code of Practice, Articles 216, 244.

APPEAL from the Civil District Court, Parish of Orleans. *Theard, J.*

*Dinkelspiel & Hart* Attorneys for Plaintiffs and Appellants.

*F. L. Richardson* Attorney for Defendants and Appellees.

The opinion of the court was delivered by

MILLER, J. This appeal is from the judgment of the lower court dissolving, for a supposed defect in the affidavit, the attachment of defendant's property.

The debt for which the attachment issued and the non-residence of defendants are set forth in the petition, and the affidavit for the writ made by the attorney for the plaintiff is, in substance, that from information received from the parties interested in the suit he believes the allegations in the petition to be true and correct. The defect suggested in the affidavit is that the attorney has sworn to his belief, but not to his knowledge, and it is claimed the law requires the affidavit both to knowledge and belief.

The affidavit is that from information received from the parties in interest affiant believes the allegations in the petition to be true and correct. Information received and believed to be true is knowledge. It is precisely the knowledge and all the knowledge the agent or attorney as a general rule possesses. In a more general sense,

·it may be said that knowledge is merely derived from information. The affidavit then must be deemed to embody the knowledge of the affiant. The word itself is not used, but that which constitutes knowledge is distinctly stated and embraced in the affidavit. The ·code does not exact that the identical words used in it shall be inserted in the affidavit. If the affiant uses language equivalent to that of the code, the law is satisfied. We think, therefore, it would ˙be hypercritical to hold an affidavit insufficient because information received and believed is substituted for the word knowledge. If the word knowledge had been incorporated in the affidavit it would have expressed no more than the affidavit expresses. Code of .Practice, Arts. 216, 244.

The earlier decisions quoted in plaintiff's brief held that an affi-·davit to the best of the affiant's knowledge satisfied the code, for ˙knowledge, said the court, comprised belief. The court discarded, as not essential, the precise language of the code, and accepted ˙knowledge as the equivalent of belief. The other decisions held the :affidavit insufficient because ˙the affiant deposed only he believed ·defendant indebted. Belief, said the court, did not embrace knowl-·edge. The distinction made by the learned Chief Justice who pronounced these earlier decisions, that knowledge includes belief but ˙belief does not imply knowledge, may not be deemed entirely clear, but it is not perceived how either or both these decisions tend to ·show any defect in the affidavit in this case, combining as it does ˙both knowledge and belief. 1 Martin N. S. 98; 7 N. S. 610.

It is clear, under our law, the defendant may bond and then move ˙to dissolve the attachment, but our decision of the sufficiency of the affidavit is enough to dispose of the case.

It is therefore adjudged and decreed that the judgment of the .lower court be avoided, annulled and reversed, and that plaintiff's attachment and plaintiff's suit be and are hereby reinstated, the ·costs of the appeal and of the lower court to be paid by appellee.

Rehearing refused.